UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Stacy Hester,

      *Plaintiff*,

v.

MSC Cruises SA, a Swiss Company,

      *Defendant*.           /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Stacy Hester, hereby sues MCS Cruises SA, a Swiss Company, for damages and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff, Stacy Hester, is a resident of the State of Iowa.

2. Defendant, MSC Cruises SA, a Swiss Company ("MSC"), is a Swiss corporation with its principal place of business in Fort Lauderdale, Florida. At all times material MSC was doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida.

3. During all times material, Defendant MSC owned and operated the vessel *MSC Davina* on a cruise from Miami, Florida to Costa Maya, Belize, Roatan, and Ocean Key, Bahamas.

4. This is a cause of action valued in excess of $75,000.00.

5. Diversity Jurisdiction under 28 U.S.C. § 1332 is proper as the cause of action is for a claim in excess of $75,000.00 and the parties are diverse. Admiralty jurisdiction is also proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

6. Venue is proper pursuant to both 28 U.S.C. § 1391 and the forum selection clause contained within the Defendant's cruise ticket.

7. At all times material, MSC was engaged in the business of providing to the public and to the plaintiff, for compensation, vacation cruises aboard the vessel which it owned and operated, *MSC Davina*.

8. On or about February 21, 2023, Plaintiff Hester was a passenger on board the *MSC Davina*. Plaintiff boarded the ship when it was in Miami, Florida.

9. On February 21, 2023, the ship was docked in Roatan, Honduras.

10. The plaintiff was attempting to disembark the ship via one of the ship's gangways. The ramp was set up at a very steep angle for the passengers to disembark. As Plaintiff was walking down the ramp, she suddenly and unexpectedly slipped and fell on the ship's gangway and became injured.

11. After she fell, the plaintiff noticed that the gangway was wet.

12. There were no wet floor signs or caution signs to warn Plaintiff that the gangway was wet and slippery.

13. There was no rain at the time of Plaintiff's fall. The weather was clear and sunny at the time of the incident.

14. Due to the fall on the gangway, Plaintiff has sustained a serious injury to her left ankle and tailbone which has required medical treatment and will require additional medical treatment in the future.

**COUNT I – CLAIM FOR NEGLIGENT FAILURE TO WARN**

Plaintiff repeats and realleges paragraphs 1 through 14 and further alleges:

15. Defendant MSC owed the Plaintiff, as its passenger, the duty to act with reasonable care with regard to passenger safety on its ship. This included but was not limited to taking action to make the *MSC Davina* reasonably safe for its passengers during the subject cruise vacation.

16. This duty includes the duty to warn its passengers of dangerous and hazardous conditions and circumstances that its passengers will encounter on the ship. MSC knows from its experience in operating a cruise line for many years with many ships, that a gangway that is steep is hazardous for its passengers. The defendant also knew that a gangway that is wet is dangerous for its passengers.

17. Despite this knowledge, the defendant provided no warning to the plaintiff of the dangerous condition of the subject gangway.

18. The defendant knew or should have known of the condition of the gangway, because it had crew members that were working just a few feet away from where the plaintiff fell. The defendant's crew that was working in the area were working close enough that they would have seen and appreciated the steepness and wetness of the gangway.

19. MSC was negligent and breached its duty to act with reasonable care under the circumstances by failing to warn the passengers on the *MSC Davina* about the hazardous steep, wet and slippery conditions of the gangway on February 21, 2023. The MSC crew present at the head (top) of the gangway should have known of the wet condition of the gangway through the use of reasonable care at the time and should have placed some sort of warning in the vicinity for passengers, or provided a verbal warning.

20. Disembarking a ship via a gangway is not a condition commonly encountered on land and is unique to the maritime context. Specifically, a metal gangway which attaches a cruise ship to a port at a steep angle, often at different angles and heights depending on the ship and/or

port, which can be wet from sea spray, morning dew, washing of the ship, and other means, is not a condition that is commonly encountered on land.

21. The failure to warn or adequately and properly warn plaintiff of the hazard of going down the slippery, wet, gangway of the *MSC Davina* was the proximate cause of plaintiff's personal injuries, because if she had been properly warned she would not have ventured down the gangway that morning until it was sufficiently and safely dried off. Or, she would have tried to find another way to disembark the ship or would not have gotten off the ship at all at that port.

22. The dangerous and hazardous condition of the wet, slippery, and steep metal gangway at that time was not open and obvious to the plaintiff. Plaintiff was watching where she was walking and was proceeding down the gangway cautiously. Plaintiff was not trained to identify a slippery gangway. The wetness of the gangway was clear in color and would not have been readily apparent to a passenger. However, the wetness still should have been discovered by the trained MSC employees by either visual or physical inspection both while working closely in the vicinity at the top of the gangway and by reasonable inspection just after the gangway was deployed when the ship arrived in port.

23. As a direct and proximate result of the defendant's negligent failure to warn her of the danger and hazardous, wet, slippery, and steep metal gangway on the *MSC Davina*, Plaintiff Stacy Hester suffered injuries to her left ankle, tailbone, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Stacy Hester prays for judgment to be entered against the defendant, MSC Cruises SA, a Swiss Company, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II – NEGLIGENCE

Plaintiff repeats and realleges paragraphs 1 – 14 as fully incorporated herein. Plaintiff further alleges:

24. As a fare-paying passenger, the defendant owed Plaintiff Hester the duty to act with reasonable care under the circumstances. This included but was not limited to taking reasonable steps to maintain the gangway used by passengers, to keep the gangway in a reasonably safe condition for passenger use. This duty also included providing a safe means of ingress and egress from its ship for passengers. This is a non-delegable duty of the defendant.

25. The defendant's duty included keeping the subject gangway reasonably dry for passenger use, and making sure the gangway was installed at an angle that was safe for passengers to disembark the ship.

26. At all material times there existed a dangerous condition on board the defendant's vessel, *MSC Davina*, which caused the injuries sustained by Plaintiff Hester. The dangerous condition was located on the gangway being used by passengers to disembark on the ship in Roatan. The gangway had ineffective non-skid material. The stairs were also wet and slippery, which made them a hazard to walk down as the gangway was at a steep angle from the ship down to the port in Roatan.

27. The defendant failed to act with reasonable care under the circumstances because it failed to provide Plaintiff Hester with a safe means of egress from the ship. The defendant failed to maintain its gangway in a reasonably safe condition for passenger use.

28. The crew who was working in the immediate area of the gangway failed to sufficiently inspect the gangway for slipperiness before allowing passengers to disembark. The crew who set up the gangway and opened it for passenger use when the ship docked in Roatan also failed to inspect the gangway after it was deployed.

29. A wet, slippery metal gangway constituted a hazardous and dangerous condition to its passengers and was not a safe means of egress from the ship. The defendant either knew or should have known of the wet, slippery, dangerous nature of the gangway through reasonable inspection.

30. Disembarking a ship via a gangway is not a condition commonly encountered on land and is unique to the maritime context. Specifically, a metal gangway which attaches a cruise ship to a port at a steep angle, often at different angles and heights depending on the ship and/or port, which can be wet from sea spray, morning dew, washing of the ship, and other means, is not a condition that is commonly encountered on land.

31. The failure to reasonably maintain the gangway and provide a safe means of egress from the ship for the plaintiff from the *MSC Davina* was the proximate cause of Plaintiff's personal injuries, because if the gangway was not wet, slippery, and steep the plaintiff would not have slipped, fallen, and become injured.

32. As a direct and proximate result of the defendant's negligent failure to maintain the gangway and provide a safe means of egress from the *MSC Davina*, Plaintiff Stacy Hester suffered injuries to her left ankle, tailbone, and other parts of her body, resulting in pain and suffering,

disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Stacy Hester prays for judgment to be entered against the defendant, MSC Cruises SA, a Swiss Company, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

> */s/ Catherine Saylor*
> JACOB J. MUNCH
> E-mail: jake@munchandmunch.com
> Florida Bar Number 376523
> CATHERINE M. SAYLOR
> E-mail: casey@munchandmunch.com
> Florida Bar Number 115593
> MUNCH and MUNCH, P.A.
> 600 South Magnolia Avenue – Suite 325
> Tampa, Florida 33606
> Ph: (813) 254-1557 / Fax: (813) 254-5172